1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH SALVESON, State Bar #83788
   LAWRENCE HECIMOVICH, State Bar #129688
3  Deputy City Attorney
   Fox Plaza
4  1390 Market Street, Fifth Floor
   San Francisco, California 94102-5408
5  Telephone:    (415) 554-3933
   Facsimile:    (415) 554-4248
6  E-Mail:       larry.hecimovich@sfgov.org

7

   Attorneys for Defendant
8  CITY & COUNTY OF SAN FRANCISCO

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12

   RONALD VAN POOL,                              Case No. C 05-2596 WHA
13
              Plaintiff(s),                      ~~[PROPOSED]~~ STIPULATED
14                                               PROTECTIVE ORDER

15         vs.

   CITY AND COUNTY OF SAN FRANCISCO,             Date Action Filed: June 24, 2005
16  SAN FRANCISCO FIRE DEPARTMENT; and
   DOES 1 THROUGH 10,
17
              Defendants.
18

19

20
           The Parties hereby stipulate and request that the Court enter the following protective order
21
   onto the Court's docket:
22
           1. PURPOSES AND LIMITATIONS
23
           Disclosure and discovery activity in this action are likely to involve production of
24
   confidential, proprietary, or private information for which special protection from public disclosure
25
   and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly,
26
   the parties hereby stipulate to and petition the court to enter the following Stipulated Protective
27
   Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures
28
   STIPULATED PROTECTIVE ORDER                    1                    n:\labor\li2005\060132\00345176.doc
   CASE No. C 05-2596 WHA

1    or responses to discovery and that the protection it affords extends only to the limited information or

2    items that are entitled under the applicable legal principles to treatment as confidential. The parties

3    further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no

4    entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures

5    that must be followed and reflects the standards that will be applied when a party seeks permission

6    from the court to file material under seal.

7        2. DEFINITIONS

8        2.1 Party: any party to this action, including all of its officers, directors, employees,

9    consultants, retained experts, and outside counsel (and their support staff).

10       2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or

11   manner generated, stored, or maintained (including, among other things, testimony, transcripts, or

12   tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

13       2.3 "Confidential" Information or Items: information (regardless of how generated, stored or

14   maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P.

15   26(c).

16       2.4 "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive

17   "Confidential Information or Items" whose disclosure to another Party or nonparty would create a

18   substantial risk of serious injury that could not be avoided by less restrictive means.

19       2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing

20   Party.

21       2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in

22   this action.

23       2.7. Designating Party: a Party or non-party that designates information or items that it

24   produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential —

25   Attorneys' Eyes Only."

26       2.8 Protected Material: any Disclosure or Discovery Material that is designated as

27   "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

28

STIPULATED PROTECTIVE ORDER                2                n:\labor\li2005\060132\00345176.doc
CASE No. C 05-2596 WHA

1   2.9. Outside Counsel: attorneys who are not employees of a Party but who are retained to

2   represent or advise a Party in this action.

3   2.10 House Counsel: attorneys who are employees of a Party.

4   2.11 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their

5   support staffs).

6   2.12 Expert: a person with specialized knowledge or experience in a matter pertinent to the

7   litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

8   consultant in this action and who is not a past or a current employee of a Party or of a competitor of a

9   Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a

10  competitor of a Party's. This definition includes a professional jury or trial consultant retained in

11  connection with this litigation.

12  2.13 Professional Vendors: persons or entities that provide litigation support services (e.g..

13  photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing,

14  retrieving data in any form or medium; etc.) and their employees and subcontractors.

15  3. SCOPE

16  The protections conferred by this Stipulation and Order cover not only Protected Material (as

17  defined above), but also any information copied or extracted therefrom. as well as all copies,

18  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

19  parties or counsel to or in court or in other settings that might reveal Protected Material.

20  4. DURATION

21  Even after the termination of this litigation, the confidentiality obligations imposed by this

22  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

23  otherwise directs.

24  5. DESIGNATING PROTECTED MATERIAL

25  5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-

26  party that designates information or items for protection under this Order must take care to limit any

27  such designation to specific material that qualifies under the appropriate standards. A Designating

28  Party must take care to designate for protection only those parts of material, documents, items, or oral

STIPULATED PROTECTIVE ORDER                    3                    n:\labor\li2005\060132\00345176.doc
CASE No. C 05-2596 WHA

1    or written communications that qualify – so that other portions of the material, documents, items, or

2    communications for which protection is not warranted are not swept unjustifiably within the ambit of

3    this Order.

4         Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

5    to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily

6    encumber or retard the case development process, or to impose unnecessary expenses and burdens on

7    other parties), expose the Designating Party to sanctions.

8         If it comes to a Party's or a non-party's attention that information or items that it designated

9    for protection do not qualify for protection at all, or do not qualify for the level of protection initially

10   asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the

11   mistaken designation.

12        5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g.,

13   second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that

14   qualifies for protection under this Order must be clearly so designated before the material is disclosed

15   or produced.  Designation in conformity with this Order requires:

16        (a) for information in documentary form (apart from transcripts of depositions or other pretrial

17   or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY

18   CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains protected

19   material. If only a portion or portions of the material on a page qualifies for protection, the Producing

20   Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

21   margins) and must specify, for each portion, the level of protection being asserted (either

22   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

23        A Party or non-party that makes original documents or materials available for inspection need

24   not designate them for protection until after the inspecting Party has indicated which material it

25   would like copied and produced. During the inspection and before the designation, all of the material

26   made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

27   ONLY." After the inspecting Party has identified the documents it wants copied and produced, the

28   Producing Party must determine which documents, or portions thereof, qualify for protection under

STIPULATED PROTECTIVE ORDER                    4                    n:\labor\li2005\060132\00345176.doc
CASE No. C 05-2596 WHA

1    this Order, then, before producing the specified documents, the Producing Party must affix the

2    appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

3    ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the

4    material on a page qualifies for protection, the Producing Party also must clearly identify the

5    protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

6    portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

7    CONFIDENTIAL – ATTORNEYS' EYES ONLY").

8          (b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or

9    non-party offering or sponsoring the testimony identify on the record, before the close of the

10   deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of

11   the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it

12   is impractical to identify separately each portion of testimony that is entitled to protection, and when

13   it appears that substantial portions of the testimony may qualify for protection, the Party or non-party

14   that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or

15   proceeding is concluded) a right to have up to 20 days to identify the specific portions of the

16   testimony as to which protection is sought and to specify the level of protection being asserted

17   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

18         Only those portions of the testimony that are appropriately designated for protection within

19   the 20 days shall be covered by the provisions of this Stipulated Protective Order.

20         Transcript pages containing Protected Material must be separately bound by the court

21   reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY

22   CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering

23   or sponsoring the witness or presenting the testimony.

24         (c) for information produced in some form other than documentary, and for any other tangible

25   items, that the Producing Party affix in a prominent place on the exterior of the container or

26   containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

27   CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item

28   warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions,

1   specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes

2   Only."

3         5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate

4   qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"

5   does not, standing alone, waive the Designating Party's right to secure protection under this Order for

6   such material. If material is appropriately designated as "Confidential" or "Highly Confidential –

7   Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely

8   notification of the designation, must make reasonable efforts to assure that the material is treated in

9   accordance with the provisions of this Order.

10        6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

11        6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality

12  designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens,

13  or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge

14  a confidentiality designation by electing not to mount a challenge promptly after the original

15  designation is disclosed.

16        6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's

17  confidentiality designation must do so in good faith and must begin the process by conferring directly

18  (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the

19  Designating Party. In conferring, the challenging Party must explain the basis for its belief that the

20  confidentiality designation was not proper and must give the Designating Party an opportunity to

21  review the designated material, to reconsider the circumstances, and, if no change in designation is

22  offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next

23  stage of the challenge process only if it has engaged in this meet and confer process first.

24        6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality

25  designation after considering the justification offered by the Designating Party may file and serve a

26  motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that

27  identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion

28  must be accompanied by a competent declaration that affirms that the movant has complied with the

STIPULATED PROTECTIVE ORDER      6      n:\labor\li2005\060132\00345176.doc
CASE No. C 05-2596 WHA

1    meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity

2    the justification for the confidentiality designation that was given by the Designating Party in the

3    meet and confer dialogue.

4         The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

5    Until the court rules on the challenge, all parties shall continue to afford the material in question the

6    level of protection to which it is entitled under the Producing Party's designation.

7         7. ACCESS TO AND USE OF PROTECTED MATERIAL

8         7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or

9    produced by another Party or by a non-party in connection with this case only for prosecuting,

10   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the

11   categories of persons and under the conditions described in this Order. When the litigation has been

12   terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

13   DISPOSITION).

14        Protected Material must be stored and maintained by a Receiving Party at a location and in a

15   secure manner that ensures that access is limited to the persons authorized under this Order.

16        7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the

17   court or permitted in writing by the Designating Party, a Receiving Party may disclose any

18   information or item designated CONFIDENTIAL only to:

19        (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of

20   said Counsel to whom it is reasonably necessary to disclose the information for this litigation and

21   who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit

22   A;

23        (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to

24   whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to

25   Be Bound by Protective Order" (Exhibit A);

26        (c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably

27   necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order"

28   (Exhibit A);

STIPULATED PROTECTIVE ORDER                     7                    n:\labor\li2005\060132\00345176.doc
CASE No. C 05-2596 WHA

1    (d) the Court and its personnel;

2    (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably

3    necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order"

4    (Exhibit A);

5    (f) during their depositions, witnesses in the action to whom disclosure is reasonably

6    necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages

7    of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

8    separately bound by the court reporter and may not be disclosed to anyone except as permitted under

9    this Stipulated Protective Order.

10    (g) the author of the document or the original source of the information.

11    7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information

12    or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

13    Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL –

14    ATTORNEYS' EYES ONLY" only to:

15    (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of

16    said Counsel to whom it is reasonably necessary to disclose the information for this litigation and

17    who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit

18    A;

19    (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this

20    litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

21    (c) the Court and its personnel;

22    (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably

23    necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order"

24    (Exhibit A); and

25    (e) the author of the document or the original source of the information.

26    7.4 Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'

27    EYES ONLY" Information or Items to "Experts"

28

STIPULATED PROTECTIVE ORDER                    8                    n:\labor\li2005\060132\00345176.doc
CASE No. C 05-2596 WHA

1    (a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a

2    Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has

3    been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a

4    written request to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL

5    information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full

6    name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the

7    Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or

8    entity from whom the Expert has received compensation for work in his or her areas of expertise or to

9    whom the expert has provided professional services at any time during the preceding five years, and

10   (6) identifies (by name and number of the case, filing date, and location of court) any litigation in

11   connection with which the Expert has provided any professional services during the preceding five

12   years.

13   (b) A Party that makes a request and provides the information specified in the preceding

14   paragraph may disclose the subject Protected Material to the identified Expert unless, within seven

15   court days of delivering the request, the Party receives a written objection from the Designating Party.

16   Any such objection must set forth in detail the grounds on which it is based.

17   (c) A Party that receives a timely written objection must meet and confer with the Designating

18   Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no

19   agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as

20   provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking

21   permission from the court to do so. Any such motion must describe the circumstances with

22   specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably

23   necessary, assess the risk of harm that the disclosure would entail and suggest any additional means

24   that might be used to reduce that risk. In addition, any such motion must be accompanied by a

25   competent declaration in which the movant describes the parties' efforts to resolve the matter by

26   agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the

27   reasons advanced by the Designating Party for its refusal to approve the disclosure.

28

1    In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of

2    proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

3    outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

4    8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

5    LITIGATION.

6    If a Receiving Party is served with a subpoena or an order issued in other litigation that would

7    compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or

8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify

9    the Designating Party, in writing (by fax, if possible) immediately and in no event more than three

10   court days after receiving the subpoena or order. Such notification must include a copy of the

11   subpoena or court order.

12   The Receiving Party also must immediately inform in writing the Party who caused the

13   subpoena or order to issue in the other litigation that some or all the material covered by the subpoena

14   or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of

15   this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or

16   order to issue.

17   The purpose of imposing these duties is to alert the interested parties to the existence of this

18   Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

19   confidentiality interests in the court from which the subpoena or order issued. The Designating Party

20   shall bear the burdens and the expenses of seeking protection in that court of its confidential material

21   – and nothing in these provisions should be construed as authorizing or encouraging a Receiving

22   Party in this action to disobey a lawful directive from another court.

23   9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

24   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

25   Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

26   the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

27   disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

28   person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d)

STIPULATED PROTECTIVE ORDER                      10                      n:\labor\li2005\060132\00345176.doc
CASE No. C 05-2596 WHA

1   request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is

2   attached hereto as Exhibit A.

3        10. FILING PROTECTED MATERIAL. Without written permission from the Designating

4   Party or a court order secured after appropriate notice to all interested persons, a Party may not file in

5   the public record in this action any Protected Material. A Party that seeks to file under seal any

6   Protected Material must comply with Civil Local Rule 79-5.

7        11. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the Producing

8   Party, within sixty days after the final termination of this action, each Receiving Party must return all

9   Protected Material to the Producing Party. As used in this subdivision, "all Protected Material"

10  includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing

11  any of the Protected Material. With permission in writing from the Designating Party, the Receiving

12  Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected

13  Material is returned or destroyed, the Receiving Party must submit a written certification to the

14  Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

15  deadline that identifies (by category, where appropriate) all the Protected Material that was returned

16  or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts,

17  compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

18  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

19  motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such

20  materials contain Protected Material. Any such archival copies that contain or constitute Protected

21  Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

22       12. MISCELLANEOUS

23       12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its

24  modification by the Court in the future.

25       12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no

26  Party waives any right it otherwise would have to object to disclosing or producing any information

27  or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives

28

STIPULATED PROTECTIVE ORDER         11         n:\labor\li2005\060132\00345176.doc
CASE No. C 05-2596 WHA

1   any right to object on any ground to use in evidence of any of the material covered by this Protective

2   Order.

3   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5   Dated:   *Dec 6, 2005*

                                COURTNEY LAW OFFICES

6

7

8   _Vince J. Courtney_
    VINCE COURTNEY

9
                                Attorneys for Plaintiff
10                              RONALD VAN POOL

11

12  Dated:   November 30, 2005

13
                                DENNIS J. HERRERA
14                              City Attorney
                                ELIZABETH S. SALVESON
15                              Chief Labor Attorney
                                LAWRENCE HECIMOVICH
16                              Deputy City Attorney

17

18  By: _Lawrence Hecimovich_
        LAWRENCE HECIMOVICH
19
                                Attorneys for Defendant
20                              CITY & COUNTY OF SAN FRANCISCO

21

22  PURSUANT TO STIPULATION, IT IS SO ORDERED.

23  Dated:   January 5, 2006     _____
                                WILLIAM H. ALSUP
24                              United States District Judge

25                              IT IS SO ORDERED
                                Judge William Alsup
26

27

28
    STIPULATED PROTECTIVE ORDER          12          n:\labor\li2005\060132\00345176.doc
    CASE No. C 05-2596 WHA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Ronald Van Pool v. City and County of San Francisco and San Francisco Fire Department)*, USDC N.D. Cal. Case No. CV 05-2596 WHA. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                        [signature]

STIPULATED PROTECTIVE ORDER
CASE No. C 05-2596 WHA

13

n:\labor\li2005\060132\00345176.doc